UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

NELSON GAMEZ,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.

No. C 09-1229 PJH (PR)

**ORDER TO SHOW CAUSE WHY PETITION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST**

    This is a habeas case brought pro se by a state prisoner to challenge denial of parole at his initial parole hearing. Because he is incarcerated in this district, venue is correct here. He has paid the filing fee.

    Petitioner has chosen not to complete the parts of the form petition that ask for details of the conviction and state court review. In particular, he has written "N/A" in response to the questions in section nine, which have to do with proceedings other than an appeal, asking whether he has filed "petitions, applications or motions with respect to this conviction in any court, state or federal?" Although this is limited to "with respect to this conviction," most petitioner use it to show that they have exhausted state remedies with respect to the parole denial. Petitioner also has not alleged elsewhere in the petition that he has exhausted state judicial remedies, and because the parole decision he challenges was only made on December 3, 2008, it is most unlikely that enough time has passed for him to have done so. He has left blank the area for a response to the instruction: "If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why[.]"

///

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

As discussed above, petitioner has not met his burden of pleading exhaustion. Within thirty days of the date this order is entered petitioner shall show cause why this petition should not be dismissed for failure to exhaust. If he does not, the case will be dismissed.

**IT IS SO ORDERED.**

Dated: March 25, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.09\GAMEZ1229.OSC-P.wpd

2