UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

NELSON GAMEZ,

    Petitioner,

vs.

BEN CURRY, Warden,

    Respondent.

No. C 09-1229 PJH (PR)

**ORDER GRANTING MOTION TO DISMISS; RULINGS**

    This is a habeas case directed to a denial of parole. Petitioner contended that (1) the denial of parole was not supported by "some evidence;" (2) the Board did not consider his state of mind at the time of the murder; (3) petitioner was not shown to be a threat to public safety; and (4) the Board's decision was arbitrary and capricious because petitioner has done all that was required of him. In its initial order the court dismissed claims two, three and four, and ordered respondent to show cause why the petition should not be granted as to issue one.

    Respondent has moved to dismiss on grounds the "some evidence" claim is procedurally defaulted. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

    Petitioner filed the claims presented here in California Superior Court, which denied the petition in a two-page reasoned opinion. Petitioner then filed a state petition in the

California Court of Appeal. That court denied the petition with citations to *In re Steele*, 32 Cal. 4th 682, 692 (2004), and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). Petitioner then filed a petition for review in the Supreme Court of California; it was denied without comment. Respondent correctly argues that it is necessary to "look through" the California Supreme Court ruling to that of the California Court of Appeal to determine the basis for the denials. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991) (where last reasoned opinion on a claim expressly imposes a procedural bar, it should be presumed that a later decision summarily rejecting the claim did not silently disregard the bar and consider the merits). The question, then, is whether the citations to *Steele* and *Duvall* establish a procedural bar.

At the page cited, *Steele* stands for the proposition that motions for discovery in habeas cases ordinarily should be filed in superior court. That proposition that has no obvious application here, respondent does not argue that it is a proper ground for a finding of procedural default, and *Steele* would not support a conclusion that the state petition had been denied for procedural reasons. It will not be considered further.

*Duvall* stands for the rule that state petitions must "state fully and with particularity the facts on which relief is sought," and "include copies of reasonably available documentary evidence supporting the claim." *Duvall*, 9 Cal. 4th at 474.

Respondent notes that the copies of the court of appeal petition and the petition for review he has attached to the motion as exhibits do not have attached copies of the transcript of the Board hearing, and contends that the California Supreme Court's citation to *Duvall* shows that petitioner did not comply with state procedural rules by providing "reasonably available documentary evidence supporting the claim." *Duvall*, 9 Cal. 4th at 474. He contends that petitioner's failure to provide these copies was a procedural default, and one that bars this petition.

Petitioner contends that he did provide copies of the transcript to the California appellate courts and to this court. It seems likely that he did so in his filing in the superior court, which quoted from the transcript in its ruling, but his filing in this court was not

2

supported by a copy of the transcript. In any event, whether the appellate courts were correct that the transcript was not provided is irrelevant; because the California courts are the final expositors of California law, this court must accept the state appellate courts' conclusion that the state's procedural rule was not satisfied. *See Poland v. Stewart*, 169 F.3d 573, 584 (9th Cir. 1999) (federal courts lack jurisdiction to review state court applications of procedural rules; refusing to review state court's finding of procedural default).

Both *Duvall* and *In re Swain,* 34 Cal. 2d 300, 304 (1949), stand for the rule that a California habeas petition must state with "particularity the facts on which relief is sought," although *Duvall* also stands for the proposition that documentary evidence must be provided. *Duvall*, 9 Cal. 4th at 474. If a petition is dismissed for failure to state the facts with particularity – that is, with a cite to *Duvall* or *Swain* – the petitioner may file a new petition curing the defect. *Gaston v. Palmer*, 417 F.3d 1030, 1037 (9th Cir. 2005); *see Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986). There is no reason the result should be any different when the defect in the state petition was failure to attach documents than when the defect was failure to plead with particularity. Neither are irremediable errors, such as untimeliness. The court concludes, therefore, that the California Supreme Court would allow petitioner to file a new state petition remedying the defect of the old one. That is, although this particular state petition was denied for procedural reasons, petitioner's claims are not procedurally defaulted in state court – he can bring them up in a new petition – and thus the federal petition is not procedurally barred.

Because the California appellate courts did not consider petitioner's claim on the merits, it is not exhausted. *See Kim*, 799 F.2d at 1319. As respondent concedes in his reply, the proper procedure thus is to dismiss the petition without prejudice to filing a new case after exhaustion is completed.[1]

---

[1] Because petitioner has not exhausted any of his claims, the petition is not mixed and the option of staying this case while he returns to state court to exhaust is not available. A district court does not have discretion to stay a petition containing only unexhausted claims. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

3

**United States District Court**
For the Northern District of California

**CONCLUSION**

The motion to dismiss (document number 11 on the docket) is **GRANTED**. All other pending motions are **DENIED** as moot. This case is **DISMISSED** without prejudice to filing a new case after exhaustion is completed.[2]

**IT IS SO ORDERED.**

Dated: 1/19/10

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\GAMEZ1229.MDSMSS.wpd

---

[2] In this context, "without prejudice" means only that this dismissal does not *in itself* bar the filing of a subsequent case containing the same claim. However, other factors, such as the statute of limitations, may bar such a new filing.

4